[No. 11667.   Department One. — August 16, 1887.]

JOHN REYNOLDS, APPELLANT, *v.* L. M. LINCOLN ET AL., RESPONDENTS.

ADVERSE POSSESSION — CLAIM OF TITLE UNDER TAX DEED — TITLE HOW ACQUIRED BY. — Prior to the amendment of 1878 to section 325 of the Code of Civil Procedure, one who in good faith entered into possession of real estate, claiming title thereto under a void tax deed, and under such claim of title openly, notoriously, and visibly maintained the possession thereof for a sufficient length of time adversely as against the whole world, including the owner of the paper title, acquired title to the land by adverse possession.

APPEAL from an order of the Superior Court of Sacramento County refusing a new trial.

The action was brought to recover the possession of certain land. The defendants set up the defense of the

statute of limitations, and gave evidence tending to show that in 1867 they had in good faith entered into possession of the land in controversy, claiming title thereto under a tax deed which was afterwards adjudged void, and ever since, up to November, 1878, have remained in the adverse possession thereof under such claim of title. The further facts are stated in the opinion.

*W. H. Beatty, S. C. Denson,* and *John Reynolds,* for Appellant.

*A. C. Freeman,* and *J. H. McKune,* for Respondents.

FOOTE, C. — This is an action of ejectment brought to obtain the possession of certain land lying in the county of Sacramento. The defendants had judgment rendered in their favor, and from an order denying the plaintiff a new trial he has appealed. Taking all the instructions emanating from the court, at the instance of the respective counsel and of its own motion, and giving them an unstrained interpretation, we think that they were correct. The jury were in effect told, *inter alia,* that the plaintiff's paper title should enable him to recover in the action, unless they were satisfied from the evidence that the defendants in good faith went into possession of the premises sued for, claiming title thereto under a tax deed and by their adverse possession, and that said possession, under such claim or right, had been maintained openly, notoriously, and visibly as against the whole world, including the plaintiff's claim of title, for a sufficient length of time, and in such manner, prior to the date when the act of 1878, amendatory of section 325 of the Code of Civil Procedure took effect, as to render the bar of the statute of limitations effectual. Upon a conflict of evidence as to those matters of fact submitted to them for determination, the jury found a verdict for the defendants, and the court below, upon motion, one of the

grounds of which was the insufficiency of the evidence to justify the verdict, refused to grant a new trial, and in so doing showed, as we think, no abuse of the discretion in such matters with which it is invested.

We perceive no conflict in the instructions, no disobedience by the jury in applying the facts to the law as given them by the court, nor any other prejudicial error in the record; and the order should be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order is affirmed.

Hearing in Bank denied.